USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL PENA,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Government.
------------------------------------------------------------X

**ORDER**

00 Cr 36 (RMB)

Having reviewed the record herein, including without limitation the following: (i) Manuel Pena's ("Petitioner" or "Defendant" or "Pena") pro se petition for a writ of audita querela, dated November 19, 2018 ("Petition") seeking relief from his criminal Judgment entered June 1, 2001. Pena contends that "the statute's under which petitioner stands convicted . . . are unconstitutionally applied [and] Section 841(b)(1)(A) is also facially unconstitutional." Petition at 1-2; (ii) the Government's Opposition, dated February 28, 2019 ("Opposition"), contending that: "First, a writ of audita querela is not an available remedy in this case because there is a statutory mechanism for Pena to collaterally challenge his conviction and sentence, namely, through the procedures provided in 28 U.S.C. § 2255. Second, Pena's arguments lack merit. The Supreme Court decisions on which the Petition relies reinforce rather than undermine, the Second Circuit's decisions holding that the rules announced in *Apprendi* and *Alleyne* are not retroactive on collateral challenges because the rules were new procedural rules rather than substantive rules. In addition, Pena's argument that Section 841(b) is facially unconstitutional has already been rejected by the Second Circuit." Opposition at 2.[1] ; (iii) Judgment and

---

[1] In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court held that any fact that increases the penalty, e.g. brandishing versus discharging a firearm, is an element of the crime and not a sentencing factor that must be submitted to the jury and established beyond a reasonable doubt. Alleyne extended Apprendi v. New Jersey, 530 U.S. 466 (2000), in that

1

Commitment Order, dated June 1, 2001, originally sentencing Pena to a term of imprisonment for "life", followed by five years of supervised release, upon a jury verdict of guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On January 23, 2018, Pena's sentence was reduced to 360 months, the Court having found that "Mr. Pena [was] eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) . . . [and] that Pena's amended guidelines range [was] 360 months to life imprisonment, based upon the amended offense level of 42, and the criminal history category of III. After giving consideration to the factors enumerated in 18 U.S.C. § 3553(a), in addition to the public safety and the Defendant's post sentencing conduct, the Court [granted] a reduction in [Pena's] sentence from life imprisonment to 360 months imprisonment." Order dated January 23, 2018 at 3[2]; (iv) the Second Circuit Court of Appeals decision, dated August 13, 2003, affirming the Judgment; (v) the decision of Magistrate Judge Andrew J. Peck, dated May 18, 2005, denying Pena's 28 U.S.C. § 2255 motion to vacate his sentence; (vi) the Second Circuit Court of Appeals decision, dated June 12, 2008 and amended on July 21, 2008, affirming the Magistrate's May 18, 2005 decision; (vii) the U.S. Supreme Court denial of certiorari, dated October 14, 2008; (viii) the Second Circuit Court of Appeals decision, dated February 13, 2009, denying Pena's application to file a second or successive 28 U.S.C. § 2255 motion; (ix) the Order of Magistrate Judge Andrew J. Peck, dated May 16, 2012, denying Pena's Rule 60(b) motion to reopen his Judgment; (x) the Second Circuit Court of Appeals decision, dated June 23, 2014, denying Pena's appeal of Magistrate Judge Peck's denial of his 60(b)

---

Apprendi held that facts which increase the prescribed range of penalties to which a defendant is exposed are elements of crimes that must be submitted to a jury and proven beyond a reasonable doubt.

[2] In objecting to the sentence rendered on June 1, 2001, Pena fails to mention in his Petition that his term of imprisonment has been reduced to 360 months by Order, dated January 23, 2018.

motion; (xi) the Order, dated January 23, 2018, discussed above, granting Pena's motion for a sentence reduction pursuant to 18 USC § 3582(c) to a term of 360 months; and (xii) applicable legal authorities, the **Court denies Pena's Petition of audita querela, as follows**:

1) Audita querela relief is not available to Petitioner. "The writ of audita querela is an ancient common law writ . . . 'of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good defence is too late in making it in the ordinary forms of law.'" Cummings v. United States, 2014 WL 3388559, *1, Nos. 13 cv 8552, 08 cr 1343, (S.D.N.Y. July 11, 2014 (JGK) citing Humphreys v. Leggett, 50 U.S. 297, 313 (1850). "A writ of audita querela is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally limited to cases where the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." Persico v. United States, 418 F. App'x 24, 25 (2d Cir. 2011). It is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).

2) Because the Defendant is challenging the legality of his conviction, he is required to pursue a motion pursuant to 28 U.S.C. § 2255 (as opposed, for example pursuant to the All Writs Act, 28 U.S.C. § 1651(a)). "The writ of audita querela is not an available remedy, because, as a federal prisoner challenging the legality of his conviction, the relief [defendant] seeks is covered by statute: 28 U.S.C. § 2255(a)." Pipola v. United States, 430 F. App'x 31, 32 (2d Cir. 2011). "[A] writ of audita querela is not available, even if [defendant] is barred from bringing a section 2255 motion because a previous 2255 petition was denied on the merits." Leon v. United States, 2015 WL 4488028, * 2, No. 14 Civ. 1803), (D.Conn. July 23, 2015) (JCH).

3

3) As noted above at p. 2, Pena previously filed a § 2255 motion that was denied on the merits by Magistrate Judge Peck on May 18, 2005. Pena also filed an application to file a second or successive 28 U.S.C. § 2255 motion that was denied by the Second Circuit Court of Appeals on February 13, 2009. "The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court." Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003). Pena appears clearly to acknowledge and appreciate that relief pursuant to a § 2255 motion is not an option available to him, by stating: "Here, a § 2255 motion would be unavailable because (1) petitioner utilized a § 2255 previously and (2) a § 2255 motion would now be time barred. Petitioner submits that a Application seeking leave to file a Second and/or Successive Section 2255 is also unavailable because the claims being raised do not meet the requirements for a second and/or successive motion." Petitioner Response at 5.

4) Petitioner does not have a meritorious underlying claim. He incorrectly contends that the decisions rendered in Alleyne v. United States, 133 S. Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000) "should be applied retroactively because they determined that convictions or sentences based on judicial fact-finding to be an unconstitutional penalty for a class of defendants because of their class or offense, that is, facts that increase the statutorily prescribed mandatory minimum and/or maximum penalties that were neither found by a jury nor admitted by the defendant." Petitioner Response at 6-7. Pena also argues unpersuasively that the Court impermissibly "engaged in judicial factfinding and found based on a preponderance of the evidence - - not a reasonable doubt - - that petitioner knowingly and intentionally distributed and/or possessed with the intent to distribute at least 30 kilograms of heroin." Petition at 7. And, Pena argues that but for the Court's allegedly improper findings, "petitioner's sentencing range would have been Base Offense Level ("BOL") 32, Criminal History Category ("CHC")

4

III, for 151-181 months, with the adjusted 6 levels that the court imposed the Total Offense Level would have been TOL 38, CHC III, for 292 – 365 months imprisonment." Petition at 8.

5) The Second Circuit Court of Appeals has held that Alleyne is not retroactive. It "did not announce a new rule of law made retroactive on collateral review." United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013). The Second Circuit Court of Appeals has also held that 21 U.S.C. § 841 is not facially unconstitutional. United States v. Outen, 286 F.3d 622, 634-636 (2d Cir. 2002). See also Ayala v. United States, 2002 WL 31296327, *3, No. 01 Civ. 11557, (S.D.N.Y. Oct. 10, 2002) (SAS) ("[T]here is no basis to conclude that section 841 is unconstitutional by reason of Apprendi.")

6) Audita querela is not available to Pena. And, even if Pena were able to file another § 2255 motion, his motion as described would have no merit.

**Conclusion & Order**

Based upon the foregoing, Pena's Petition [#176] is denied.

Dated: New York, New York
       January 13, 2020

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**

**Copies Mailed By Chambers**

5